UNITED STATES of America,
Plaintiff–Appellee

v.

Kenneth PRUITT, Defendant–Appellant

No. 99–4045.

United States Court of Appeals,
Sixth Circuit.

Feb. 9, 2001.

Before MERRITT and COLE, Circuit Judges; and HOOD,* District Judge.

MERRITT, Circuit Judge.

There was a jury trial in this direct criminal appeal based on a one count indictment for receiving a stolen motor vehicle transported in interstate commerce, and the defendant was convicted and given a relatively light sentence. The question of the sufficiency of the evidence to show that the defendant had knowledge that the car he purchased was stolen presents a close question. We have reviewed the evidence in the case and conclude that the evidence was barely sufficient to go to the jury and sustain the jury's verdict that the defendant had the requisite knowledge.

The defendant also presents a very strong argument of ineffective assistance of counsel on the part of the defendant's lawyer. It took a day to try it. Defense counsel told the jury in express terms that he would present a number of witnesses who would clearly exonerate the defendant. Then counsel changed his mind and did not put on any witnesses. This clearly left for the jury an inference that the defendant was guilty because he had not put on the witnesses his lawyer had promised to provide. But we do not reach a conclusion on this issue because there has been no hearing in the court below on the question of ineffective assistance of counsel, and this Court does not normally reach such ineffective assistance issues in the absence of an evidentiary hearing and a ruling in the District Court. *See United*

* The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

*States v. Fortson,* 194 F.3d 730, 736 (6th Cir.1999).

This leaves one further issue, and on that issue we believe the jury verdict should be vacated and the case remanded for a new trial. Government counsel erred seriously when he told the jury in final argument that the only evidence that the stolen car was damaged came from defendant's hearsay statements. The record on page 45 in the Appendix at line 6 makes it clear that Officer Franz testified that the left rear quarter panel was damaged when he saw the automobile not long after it had been purchased. When the lawyer for the government told the jury that the only evidence that the car was damaged came from the defendant's self-serving hearsay statements, defense counsel objected because the statement was false. The trial court sustained the objection. Immediately thereafter, government counsel continued to make the same type of improper remarks. Immediately after the court sustained the objection, government counsel said, "that [defendant's "self-serving" statements] is the only evidence. Think about it. Is there any other evidence of damage?" These continued statements in final argument, after the court had sustained the earlier objection to them, were improper. Based on the circumstantial nature of the case, the thin evidence of knowledge and defense counsel's inexplicable conduct in failing to put on the proof that he had promised, the improper conduct of government counsel cannot be said to be harmless error.

Accordingly, the judgment of the District Court is reversed, the jury verdict vacated, and the case remanded to the District Court for a new trial.